# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BETHANY OWEN | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:19-cv-073-RSP |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | | |

## MEMORANDUM RULING

On May 16, 2018, Administrative Law Judge Charlotte A. Wright issued a decision finding that Petitioner Bethany Anne Mitchell (Owen) was not disabled within the meaning of the Social Security Act from December 5, 2013 through the date of the decision. Ms. Owen, who was 44 with high school education at that time, was found to be suffering from severe impairments consisting of bipolar II disorder, panic disorder, generalized anxiety disorder, and post-traumatic stress disorder. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least December 5, 2013. Before that time she had worked as a customer service representative, cashier, receptionist and secretary. She was not able to return to that type of work.

After reviewing the medical records and receiving the testimony at the March 7, 2018 video hearing, the ALJ determined that Petitioner had the residual functional capacity to perform a full range of work at all exertional levels, but that she had the following non-exertional limitations: she could only understand, remember, and carry out simple and detailed, but not complex, instructions; she was limited to making simple, work-related decisions; and she could only occasionally respond appropriately to supervisors, co-workers, and the general public.

1

Relying upon the testimony of a vocational expert, Valerie I. Hill, the ALJ determined that Petitioner had the capacity to perform certain jobs that exist in significant numbers in the national economy, such as dish washer, hand packager, and industrial cleaner. This finding resulted in the determination that Petitioner was not entitled to Social Security benefits. Petitioner appealed this finding to the Appeals Council, which denied review on February 7, 2019. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1. The ALJ's finding that Petitioner can perform a full range of work at all exertional levels is not supported by substantial evidence;

2. The ALJ erred in discrediting the opinion of Petitioner's treating physician.

2

*Issue No. 1:*

Petitioner sought disability based upon both physical and mental conditions. The ALJ found that Petitioner's mental conditions were severe impairments, but found that none of the physical conditions rose to that level. Among the physical conditions that she complained of were peripheral neuropathy, polyneuropathy, arthralgias of her feet and ankles, and chronic swelling of her lower extremities. When the ALJ asked Petitioner at the hearing what prevented her from working, she answered that "the neuropathy in my feet does not allow me to sit or stand for maybe 30 minutes, to sit or stand, for very long periods of time. And also my mental does not allow me to concentrate to do any type of job." Tr. 39.

The medical records document many complaints that the persistent numbness caused problems with walking and standing. Tr. 685, 688, 772. The August 11, 2017 report of Dr. Ted Trimble, Petitioner's primary care physician (which will be discussed further below), reported that Petitioner would not be able to sustain full-time work because of "trouble with standing, walking, prolonged sitting due to neuropathy in both feet." Tr. 794.

The ALJ noted that "claimant largely attributed her inability to work to her physical impairments" (at least in her function reports and testimony) but goes on to note that the ALJ determined that they "were non-severe" and "the objective evidence did not support the degree of physical impairment that the claimant alleged." The ALJ does have wide discretion in determining the severity of impairments, but only so long as she applies the appropriate legal standards. In this case, the ALJ failed to do so.

The record is clear that the ALJ did not apply the standard that the Fifth Circuit has determined is appropriate under the law for determining whether an impairment is severe. In *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985), the Court held: "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." The ALJ in the instant decision recited the test as providing that an impairment is severe "if it significantly limits" the ability to work, and providing that it is not severe if it is "only a slight abnormality … that would have no more than a minimal effect" on the ability to work. (Tr. 15). While the ALJ uses many of the same words as *Stone*, the ALJ's standard allows an impairment to be non-severe even if it *does* have a minimal effect on ability, whereas *Stone* says the impairment can't be non-severe unless it is expected *not* to interfere with the ability to work.

The conclusion that the ALJ applied the wrong standard in the Fifth Circuit (as is so often the case), does not end the matter. Courts routinely apply a harmless error analysis if the ALJ shows that the impairments deemed non-severe were still considered along with any severe impairments in determining whether the claimant meets a listing and, if not, in determining the claimant's residual functional capacity. For example, in *Rollins v. Berryhill*, 2018 WL 2064781 (N.D. Tex. May 2, 2018), the Court held that "Automatic remand is only required in cases where the ALJ used the incorrect standard and did not proceed past step two." Id. at *5. This Court agrees with that approach.

In this case, while the ALJ did proceed past step two, it is not clear that she considered the effect of Petitioner's physical conditions in determining the RFC, since the ALJ expressly found

4

no exertional limitations whatsoever. In any event, there is no point in conducting harmless error analysis in this case, since remand is appropriate for the reasons set out below. Rather, it is enough to determine that the ALJ erred in the severity analysis and instruct that it be corrected on remand.

*Issue No. 2:*

This second issue deals with the adequacy of the ALJ's expressed reasons for discounting the opinion of Petitioner's primary care physician, Dr. Ted Trimble. Dr. Trimble examined Petitioner many times over several years and submitted a "treating source statement" on August 11, 2017. Tr. 794. Dr. Trimble provided a diagnosis of, among other things, "peripheral neuropathy – idiopathic." Under the heading "any physical limitations/restrictions," he entered "trouble with standing, walking, prolonged sitting due to neuropathy in both feet." Under the heading "any accomodations that this patient would need," he entered "frequent breaks, ability to sit/stand at will." Dr. Trimble also said that Petitioner would not be able to sustain a 40-hour work week, and would miss more than 4 days of work per month. At the hearing, the vocational expert testified that such restrictions would result in no jobs being available. Tr. 56-58.

In referring to this report of Dr. Trimble, the ALJ stated she gave "no weight to Dr. Trimble." Tr. 23, 25. The only explanation offered was: "This opinion is afforded no weight, as it is not supported by Dr. Trimble's own examinations of the claimant or the record and it is not consistent with the objective evidence." Tr. 25. This explanation is conclusory and fairly boilerplate. By digging through the ALJ's opinion, the Court can find that the ALJ notes that several of Dr. Trimble's visits show a "normal general examination." Tr. 22-23. It is accurate to say that those visits did not show physical abnormalities relating to the ability to stand, walk and

5

sit. However, those office visits still generally refer to Petitioner's peripheral neuropathy, even though the focus of those visits was the treatment of her mental conditions.

The Fifth Circuit has long held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985). However, "[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). Thus, the Fifth Circuit has held that:

> "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."

*Scott v. Heckler*, 770 F.2d 482 at 485 (5th Cir. 1985).

One factor that makes the ALJ's lack of explanation most troubling in this case is that Dr. Trimble was the only examining physician whose opinion on physical limitations is in the record. The doctors on whom the ALJ chose to rely were all non-examining state agency doctors, who never saw Petitioner and just read her records. Ideally, the ALJ should have obtained a consultative examination if she chose to discredit Dr. Trimble. But at the very least, she had the obligation to articulate her reasoning in assigning his very specific opinions "no weight."

The Court is mindful of the teaching of *Scott v. Heckler*, above, but does not find that the Commissioner has met the "good cause" standard set forth by the Fifth Circuit.

*Conclusion:*

Having determined that the decision is not supported by substantial evidence, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 3rd day of April, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE